UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JEANETTE R. BANTA,

    *Plaintiff*,

v.

WAL-MART STORES, EAST, LP.

    *Defendant*.

Case No. 1:16-cv-436

Judge Christopher H. Steger

## MEMORANDUM OPINION

**I.   Introduction**

Plaintiff Jeanette R. Banta slipped and fell in a puddle of water next to a flower display case while shopping in a store owned by Defendant Wal-Mart Stores, East, LP (Wal-Mart). She injured her back and shoulder in the fall and brings this negligence action under Tennessee law seeking compensatory damages in the amount of $100,000. This Court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Wal-Mart moves for summary judgment on the ground that Plaintiff cannot come forward with evidence that it caused or had actual or constructive notice of the puddle which caused her to slip [Doc. 23]. For the reasons stated herein, the Court agrees and will **GRANT** Wal-Mart's motion for summary judgment and enter judgment in favor of Wal-Mart.

**II.   Facts**

When reviewing a motion for summary judgment, the Court must view the facts of the case in the light most favorable to the non-moving party. On October 5, 2015, Plaintiff entered the Wal-Mart store and retrieved a buggy [Plaintiff's aff. ¶ 2-3, Doc. 32-1]. As she walked past a flower display case, she slipped and fell in a puddle of liquid on the floor soaking her pants [Plaintiff's dep. Doc. 37-1, Page ID # 164-65; Plaintiff's aff. ¶ 6, Doc. 32-1]. She did not see

1

any signs warning that the floor was wet [Plaintiff's aff. ¶ 11, Doc. 32-1]. Two customers helped her stand up from the floor and one notified "the doorman" [Plaintiff's dep. Doc. 37-1, Page ID # 164; Plaintiff's aff. ¶ 7, Doc. 32-1]. The doorman did not call for help [Plaintiff's aff. ¶ 9, Doc. 32-1]. Plaintiff waited until the following day to report the fall to store management because she did not realize she was injured until the evening of October 5, 2015 [Plaintiff's dep., Doc. 28-1, Page ID # 109; Plaintiff's aff. ¶ 10, Doc. 32-1]. She did not know the origin of the liquid which caused her to slip, nor did she know how long the liquid had been on the floor [Plaintiff's dep., Doc. 37-1, Page ID # 164-65].

In addition to briefing the issues, Wal-Mart submitted four separate "video clips" in support of its motion for summary judgment. At the April 3, 2018 hearing, the parties agreed that video clip 3, which is 3 minutes and 33 seconds in length, was the video depicting events relevant to this case. This video clip depicts an overhead view of a portion of the store looking down the aisle in front of the cashier stations. The specific area where Plaintiff fell is located behind a display case, which obfuscates any view of the floor where Plaintiff slipped. Thirteen seconds into the video, the front of a buggy, which Plaintiff asserts is her buggy, appears at the end of the aisle where Plaintiff fell. Only the front of the buggy is visible, while a view of the rest of the buggy, as well as Plaintiff, is obscured by the display case. The video appears to reflect that two people stop and turn their attention toward the display case. The parties are in agreement that this point in the video clip probably represents the moment when Plaintiff fell and other people came to help her. However, Plaintiff's fall cannot be seen on the video because it is blocked by the display case.

**III.    Analysis**

   **A.  Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party may satisfy its burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-35 (1985); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). There are "no express or implied requirements in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim;" it is enough for the movant to "point[ ] out" an absence of evidence on an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 323-25; *see also Harvey v. Campbell Cnty, Tenn.,* 453 Fed. Appx. 557, 560 (May 10, 2011).

Once the moving party has fulfilled his initial burden under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324-25; *see also 60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential

3

element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street*, 822 F.2d at 1435-36.

**B. Discussion**

Plaintiff brings a claim for negligence against Wal-Mart alleging Wal-Mart was negligent in allowing liquid to puddle in front of the flower display case, in failing to inspect the area in a timely manner, and in failing to warn Plaintiff about the existence of liquid on the floor.

In a diversity jurisdiction case such as this one, the Court must apply the substantive law of the forum state. *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2012); *Pennington v. State Farm Mut. Auto. Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In doing so, the court must "follow the decisions of the state's highest court when that court has addressed the relevant issue." *Kepley,* 715 F.3d at 972 (quoting *Savedoff v. Access Grp., Inc.,* 524 F.3d 754, 762 (6th Cir. 2008)). Accordingly, the Court will apply Tennessee law to the substantive issues in this case.

"Business proprietors are not the insurers of their patrons' safety." *Parker v. Holiday Hospital Franchising, Inc.*, 446 S.W.3d 341, 350 (Tenn. 2014) (quoting *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). However, a property owner must exercise due care which includes removing or warning of any dangerous condition on the property that the owner is aware of or, should be aware of with the exercise of reasonable diligence. *Id.* Persons seeking to bring a claim based on premises liability must prove the elements of a negligence claim. *Id.*

To state a claim for negligence under Tennessee law, a plaintiff must allege "(1) a duty of care owed by the defendant to the plaintiff, (2) conduct by the defendant breaching that duty, (3) an injury or loss to the plaintiff, (4) causation in fact, and (5) proximate or legal cause." *Waste Mgmt., Inc. of Tenn. v. S. Cent. Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. 1997) (citing *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn.1991)). In addition to these elements, the plaintiff in a premises liability action must also prove either "(1) that the premises owner or operator caused the condition, or (2) if not, 'that the owner or operator had actual or constructive notice that the condition existed prior to the accident.'" *Corley v. Wal-Mart Stores East, LP*, 637 Fed. App'x. 210, 211 (6th Cir. 2016) (quoting *Blair*, 130 S.W.3d at 764); *see also Parker*, 446 S.W.2d at 350. Constructive notice can be shown by more than one method:

> "[C]onstructive notice can be established by proof that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." Additionally, a plaintiff can prove constructive notice through "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." The recurring conduct or continuing condition must be specific to the location where the incident at issue occurred. That is, notice of a general or continuing condition in one area of the premises does not necessarily support a finding of constructive notice as to another area.

*Corley*, 637 Fed. App'x at 211-12 (quoting *Blair*, 130 S.W. 3d at 764-67) (internal citations omitted).

In a hearing before the Court on April 3, 2018, Plaintiff conceded that she has no evidence that Wal-Mart was responsible for creating the puddle that caused her to slip. She also conceded that she has no evidence that Wal-Mart had actual notice of the puddle before Plaintiff slipped. Rather, Plaintiff is proceeding under the constructive notice theory and argues Wal-Mart should have known of the puddle in time to remove it or warn her of it before she slipped. Wal-Mart contests Plaintiff's constructive notice theory.

5

In her deposition, Plaintiff stated she did not know where the liquid came from or how long it had been on the floor when she slipped. When asked what she thought Wal-Mart "did wrong to cause your accident," Plaintiff responded Wal-Mart had not checked the area where she fell frequently enough [Plaintiff's dep., Doc. 73-1, Page ID # 165]. However, there was no evidence in the record to indicate how frequently or infrequently Wal-Mart employees checked the aisle where Plaintiff fell, and Plaintiff testified she had only been in the store "a few minutes" when she did fall. *Id.*

Plaintiff asserts her case is analogous to *Corley v. Wal-Mart Stores East, LP*, 637 Fed. Appx. 210 (6th Cir. 2016), another slip and fall case in which the court denied summary judgment on the ground that there was a genuine issue of material fact as to whether Wal-Mart had constructive notice of the puddle of water in which the plaintiff had slipped. In *Corley*, there was no camera footage of the plaintiff's slip and fall in Aisle 6, but Wal-Mart preserved and produced video footage of the corner of Aisle 6 from one hour before the incident was reported until one hour after. The video did not reveal how water came to be on the floor. However, it did show people walking near the area of the spill, including a Wal-Mart employee who walked by the area 40 seconds before the plaintiff fell. The *Corley* court stated there were two conclusions that could be drawn: one, that the spill occurred in the 40 seconds after the employee walked by or, two, the spill must have occurred before the period of time captured on the tape because there was no evidence on the tape to implicate anyone for the spill. *Id.* at 212. The court held there was a genuine issue of material fact as to when the spill occurred because,

> we cannot conclude as a matter of law that the video quality is so poor that a reasonable factfinder would be unable to conclude that none of the passing customers were responsible for the spill. And if the jury found that none of the passing customers were responsible, a reasonable jury could have found that the puddle was pre-existing and was present when [the employee] walked by, and Wal-Mart therefore should have known about it.

*Id.* at 213.  In sum, the jury could conclude "from the evidence that the water was more likely than not on the floor when [the employee] walked by forty seconds earlier[.]  *Id.* at 212.

In the instant case, video clip 3 is not as helpful to Plaintiff as the video in *Corley* was to the *Corley* plaintiff.  The scene depicted in video clip 3 starts about 13 seconds before Plaintiff's fall.  In the *Corley* video, an employee walked past Aisle 6 where the plaintiff had fallen forty seconds before the fall.  The Sixth Circuit concluded the jury could decide from the video whether other customers caused the spill in the 40 seconds after the Wal-Mart employee walked past Aisle 6.  If not, then the jury could reasonably conclude that the spill was there when the employee walked by; that the employee should have seen the spill; and, therefore, that Wal-Mart had constructive notice of the dangerous condition.  Unlike the video in *Corley*, the video in the instant case does not show a Wal-Mart employee walking near the area before Plaintiff fell.  The video also lends no support to Plaintiff's argument that Wal-Mart was negligent in not inspecting the area frequently enough since the relevant video depicts activity starting only 13 seconds before the fall.

The instant case is similar to *Martin v. Wal-Mart Stores, Inc.*, 159 Fed. App'x 626 (6th Cir. 2005).  In *Martin*, the plaintiff slipped and fell on a puddle several inches wide in the health and beauty aids section of defendant's store.  The defendant asserted it had no notice, actual or constructive, of the dangerous condition.  Notice turned on the question of "whether the condition [which caused the spill] occurs so often that the premises owner is put on notice." *Martin*, 159 Fed. App'x at 629 (quoting *Blair*, 130 S.W. 3d at 766).  The origin of the puddle was not determined and there was no evidence as to how long the puddle had been on the floor or that any Wal-Mart employee had seen the puddle.  It had been raining that day and there was evidence that the roof leaked sometimes, but never in the health and beauty aids section where

7

the plaintiff fell. Testimony also indicated that wet shopping buggies were wiped down before being brought into the store. Thus, there "was no evidence that water or other fluids had repeatedly dripped or spilled in the part of the store where [the plaintiff] fell. *Id..* at 629. The *Martin* court concluded there was "no basis on which a reasonable jury could make a finding of constructive notice." *Id.* at 630.

*Martin* and the instant case are similar in that both lack any evidence of constructive notice. There is no evidence regarding how the liquid came to be on the floor; how long it had been there before the plaintiff fell; whether any Wal-Mart employees had been near the spill; or whether this was an area where spills regularly occurred. Consequently, there is no evidence from which a jury could reasonably conclude Wal-Mart had constructive notice of the dangerous condition which caused Plaintiff to fall. Accordingly, the Court finds summary judgment in favor of Wal-Mart is appropriate.

There is one other case applying Tennessee law which bears discussion. Plaintiff asserts her case is similar to *Duncan v. Wal-Mart Stores, Inc*, Case No. 3-11-1104, 2013 WL 1910653 (M.D. Tenn. May 8, 2013). In *Duncan*, the plaintiff slipped on water spilled or leaked from bottled water kept on the aisle. A customer had placed an orange cone in the aisle to warn about the water on the floor. Defendant argued that it breached no duty to the plaintiff because the orange cone gave sufficient warning to the plaintiff of the danger and it had no actual notice of the spill because a customer caused the spill and placed the caution cone in the aisle. The *Duncan* court found summary judgment inappropriate:

> There are genuine issues of material fact, for example, as to whether the orange caution cone alone was a reasonable warning to customers, as to whether [the plaintiff] reasonably should have seen the cone and/or the water, and as to whether Defendant's employees should have inspected the aisle sooner and cleaned up the spill. These questions of fact, particularly as to what is reasonable, must be submitted to a jury.

8

*Duncan*, 2013 WL 1910653, at *2. Notably absent from the discussion in *Duncan* is the question of *constructive* notice. Rather, the *Duncan* court focused on issues of reasonable warning and whether the plaintiff failed to act reasonably by not heeding the warning to avoid the spill. These are not issues present in the instant case, and the Court does not find *Duncan* to be instructive in the matters presently before it.

**IV.    Conclusion**

For the reason stated herein the Court finds that Plaintiff has no evidence from which a jury could reasonably conclude that Wal-Mart caused the puddle in which Plaintiff slipped, or that Wal-Mart had actual or constructive notice of the dangerous condition which caused Plaintiff's fall. Accordingly, there is no genuine issue of material fact as to this issue, and Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment shall be **GRANTED** and judgment shall be entered in favor of Wal-Mart.

**ENTER**.

s\ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE